IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL SCOTT, derivatively on behalf of SCOTTS MIRACLE-GRO COMPANY, | : : : | |
| Plaintiffs, | : : | Case No. 2:24-cv-03636 |
| v. | : : | Judge Algenon L. Marbley |
| JAMES HAGEDORN, et al., | : : | Magistrate Judge Chelsey M. Vascura |
| Defendants, | : : | |
| and | : : | |
| SCOTTS MIRACLE-GRO COMPANY, | : : | |
| Nominal Defendant. | : : | |

| | | |
|---|---|---|
| PATRICK AYERS, derivatively on behalf of SCOTTS MIRACLE-GRO COMPANY, | : : : | |
| Plaintiffs, | : : | Case No. 1:24-cv-00402 |
| v. | : : | Judge Algenon L. Marbley |
| JAMES HAGEDORN, et al., | : : | Magistrate Judge Chelsey M. Vascura |
| Defendants, | : : | |
| and | : : | |
| SCOTTS MIRACLE-GRO COMPANY, | : : | |
| Nominal Defendant. | : : | |

**OPINION & ORDER**

This matter is before this Court on the motion to consolidate and appoint co-lead and co-liaison counsel (the "Motion"). The Motion was filed in the above captioned cases by Plaintiffs Rachel Scott and Patrick Ayers ("Plaintiffs"). (2:24-cv-03636, ECF No. 7). Specifically, the Motion seeks to consolidate the above captioned cases: *Scott v. The Scotts Miracle-Gro Company et al*, Case No. 2:24-cv-03636 (S.D. Ohio) (the "*Scott* Action"), and *Ayers v. Hagedorn et al*, Case

1

No. 1:24-cv-00402 (S.D. Ohio) (the "*Ayers* Action"). For the reasons set forth below, this Court **GRANTS** the Motion.

## I. BACKGROUND

The actions Plaintiffs seek to consolidate are presently pending before this Court. The *Scott* Action Complaint was filed on July 3, 2024, derivatively and on behalf of nominal defendant The Scotts Miracle-Gro Company ("Scotts"). (2:24-cv-03636, ECF No. 1). It is a shareholder derivative action seeking to remedy alleged wrongdoings by individual defendants, including certain executives, from November 3, 2021, through August 1, 2023. (*Id.* ¶ 1). The *Scott* action involves Sections 14(a), 10(b), 20(a), and 21D of the Securities Exchange Act of 1934, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets. (*Id.*; 2:24-cv-03636, ECF No. 7 at 5). The *Ayers* Action Complaint was filed on July 30, 2024, as a shareholder derivative action for the benefit of Scotts. (1:24-cv-00402, ECF No. 1 ¶ 1). Like the *Scott* Action, the *Ayers* Action seeks to remedy certain alleged wrongdoings by certain current and former members of its Board of Directors and executive officers for breaches of fiduciary duties and unjust enrichment, from November 3, 2021 through the present. (*Id.*). Plaintiffs' Motion is unopposed.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take

care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

### III.   LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*.

The *Scott* Action and *Ayers* Action involve some of the same parties. Specifically, both actions are on behalf of Scotts, and the named defendants include James Hagedorn, and Katherine Hagedorn Littlefield. While the cases involve different time periods, they both are shareholder derivative actions seeking remedies against certain executives. Overall, this Court finds there is significant overlap in law and fact between the cases, which strongly supports consolidation.

The Court next turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation. Factors that may cause prejudice and confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Ky. Apr. 28, 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id*. at *2. Here, consolidation was unopposed and both cases are already pending before this Court. This Court finds that consolidation of the *Scott* Action and *Ayers* Action will be the

3

most efficient method of adjudicating these related matters and will not unfairly prejudice any parties or cause any significant confusion. Therefore, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-03636, ECF No. 7).

### IV.     CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-03636, ECF No. 7). Accordingly, the *Scott* Action (2:24-cv-03636), and *Ayers* Action (1:24-cv-00402) are **CONSOLIDATED** (the "Consolidated Action"). This Court hereby orders:

- The Consolidated Action will be captioned: *In re The Scotts Miracle-Gro Company Derivative Litigation*, Case No. 2:24-cv-03636-ALM-CMV.
- Co-Lead Counsel for plaintiffs in this Consolidated Action shall be:
    - THE BROWN LAW FIRM, P.C. Timothy Brown 767 Third Avenue, Suite 2501 New York, NY 10017 Telephone: (516) 922-5427 Facsimile: (516) 344-6204 Email: tbrown@thebrownlawfirm.net
    - THE WEISER LAW FIRM, P.C. James M. Ficaro Four Tower Bridge 200 Barr Harbor Drive, Suite 400 West Conshohocken, PA 19428 Telephone: (610) 225-2677 Email: jficaro@weiserlawfirm.com
- Co-Liaison Counsel in this Consolidated Action shall be:
    - EMPLOYMENT LAW PARTNERS, LLC Stuart G. Torch David N. Truman 4700 Rockside Road, Suite 530 Independence, OH 44131 Telephone: (216) 382-2500 Facsimile: (216) 381-0250 Email: stuart@employmentlawpartners.com david@employmentlawpartners.com
    - GILES & HARPER, LLC Brian T. Giles 7247 Beechmont Avenue Cincinnati, OH 45230 Telephone: (513) 379-2715 Email: bgiles@gilesharper.com

- Co-Lead Counsel shall have the sole authority to speak for plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

- Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

- Co-Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Co-Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

- Counsel for Defendants may rely upon all agreements made with Co-Lead Counsel and Co-Liaison Counsel, or other duly authorized representatives of Co-Lead Counsel and Co-Liaison Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

- This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re The Scotts Miracle-Gro Company Derivative Litigation*, Case No. 2:24-cv-03636-ALM-CMV, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of Co-Lead Counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be

consolidated as part of *In re The Scotts Miracle-Gro Company Derivative Litigation*, Case No. 2:24-cv-03636-ALM-CMV, and Co-Lead Counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions filed in this Court that involve substantially similar alleged conduct and questions of law and fact as the Consolidated Action, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

- All papers and documents previously filed and/or served in the *Scott Action* and *Ayers Action* shall be deemed a part of the record in the Consolidated Action.
- No party is waiving any rights, claims, or defense of any kind.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 3, 2025**